UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL L. PALMER, | ) CASE NO.: C06-1075-JCC |
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| BENEDICT MARTINEZ, | ) |
| Respondent. | ) |

## INTRODUCTION

Petitioner Darryl L. Palmer proceeds *pro se* and *in forma pauperis* in this 28 U.S.C. § 2254 action. (Dkt. 1.) Respondent submitted an answer, arguing that petitioner's § 2254 petition should be dismissed with prejudice. (Dkt. 16.) Petitioner submitted a response to that answer. (Dkt. 19.) Having reviewed the record in its entirety, including the state court record, the Court recommends that the petition be dismissed with prejudice.

## BACKGROUND

Petitioner challenges his September 21, 2001 conviction by guilty plea to assault in the first degree (Count One) and assault of a child in the second degree (Count Two). (Dkt. 18, Ex. 1.) The King County Superior Court sentenced petitioner to an exceptional sentence of 220

REPORT AND RECOMMENDATION
PAGE -1

01 months on Count One and a concurrent standard-range sentence of 75 months on Count Two.

02 (*Id*. at 4.)

03     In March 2002, petitioner appealed his conviction to the Washington Court of Appeals,

04 arguing that the trial court erred in imposing an exceptional sentence. (Dkt. 18, Ex. 4.) The

05 Washington Court of Appeals affirmed the exceptional sentence. ( *Id*., Ex. 3.) Petitioner

06 petitioned for review in the Washington Supreme Court in October 2002. ( *Id*., Ex. 6.) The

07 Washington Supreme Court denied review on April 29, 2003. ( *Id*., Ex. 7.) The Washington

08 Court of Appeals issued its mandate on May 15, 2003. (*Id*., Ex. 8.)

09     On November 10, 2003, petitioner filed a motion to vacate his sentence in King County

10 Superior Court, asserting ineffective assistance of counsel. (*Id*., Ex. 16.) The trial court denied

11 the motion to vacate. ( *See id* ., Ex. 18.) On August 30, 2004, petitioner appealed in the

12 Washington Court of Appeals. (*Id*., Ex. 9.) He argued that the exceptional sentence violated his

13 Sixth Amendment rights and was contrary to the United States Supreme Court decisions in

14 *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000),

15 and that the trial court violated his right to appointment of counsel under Washington Superior

16 Court Criminal Rule 3.1. (*Id*. at 1-4.) The Washington Court of Appeals denied the appeal. (Dkt.

17 18, Ex. 12.) The Washington Supreme Court subsequently denied a petition for review *Id*(., Exs.

18 13 & 14.) The Washington Court of Appeals issued its mandate on June 27, 2006. *I*(*d*., Ex. 15.)

19                                DISCUSSION

20     Petitioner raises three grounds for relief in this habeas action, accurately summarized by

21 respondent as follows:

22     1.    The exceptional sentence is invalid.

REPORT AND RECOMMENDATION
PAGE -2

       (a)      The sentence violates <u>Blakely v. Washington</u>.

       (b)      There was insufficient evidence to support the exceptional term because evidence did not expressly quantify the trauma that the child suffered by being present during the assault on his mother.

2. The State breached the plea agreement by arguing in favor of the exceptional sentence on appeal.

3. The State violated the separation of powers doctrine by advocating for the exceptional sentence on appeal.

(Dkt. 16 at 3-4.) Respondent argues that petitioner failed to exhaust the second part of his first ground for relief and the entirety of his second and third grounds, and that those claims are now barred. Respondent further argues that the first part of petitioner's first ground for relief fails because *Blakely* does not apply retroactively to cases on collateral review. For the reasons described below, the Court agrees with respondent.

<u>Exhaustion and Procedural Bar</u>

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

REPORT AND RECOMMENDATION
PAGE -3

However, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Consequently, presentation of a federal claim for the first time to a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille*, 489 U.S. at 351; *Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004), *cert. denied* 125 S.Ct. 2975 (2005). *But see Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.")

Additionally, a petitioner must "alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Id.* (citing *Duncan*, 513 U.S. at 366). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

Pursuant to RCW 10.73.090, no petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than a year after the judgment becomes final. Additionally, if the state court expressly declined to consider the merits of a claim based on an independent and adequate state procedural rule, or if an unexhausted claim would now be barred from consideration by the state court based on such a rule, a petitioner must demonstrate a fundamental miscarriage of justice, or cause, *i.e.* some external objective factor that prevented

REPORT AND RECOMMENDATION
PAGE -4

01  compliance with the procedural rule, and prejudice, *i.e.* that the claim has merit. *See Coleman v.*
02  *Thompson*, 501 U.S. 722, 735 n.1, 749-50 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).

03  In this case, petitioner did not exhaust the second part of his first ground for relief and the
04  entirety of his second and third grounds.  Although he raised the third ground as a federal
05  constitutional violation in the Washington Supreme Court, he failed to raise that claim in the
06  Washington Court of Appeals. (Dkt. 18, Exs. 4 & 6.)  Because petitioner raised this claim for
07  the first time in the Washington Supreme Court on discretionary review, it remains unexhausted.
08  *See Castille*, 489 U.S. at 351; *Casey*, 396 F.3d at 915-18.  Also, petitioner failed to raise either
09  the second part of his first ground for relief or the second ground for relief as federal constitutional
10  violations in either state court. (Dkt. 18, Exs. 4 & 6.) (*See also id.*, Exs. 9, 13 & 16.)  Because
11  it has been more than one year since petitioner's conviction became final (*see id.*, Ex. 8), and
12  because petitioner fails to establish either cause or prejudice excusing his procedural default, these
13  claims are procedurally barred by RCW 10.73.090.

14  *Blakely v. Washington*

15  This Court's review of the merits of petitioner's claims is governed by 28 U.S.C. §
16  2254(d)(1).  Under that standard, the Court cannot grant a writ of habeas corpus unless a
17  petitioner demonstrates that he is in custody in violation of federal law and that the highest state
18  court decision rejecting his grounds was either "contrary to, or involved an unreasonable
19  application of, clearly established Federal law, as determined by the Supreme Court of the United
20  States." 28 U.S.C. § 2254(a) and (d)(1).  The Supreme Court holdings at the time of the state
21  court decision will provide the "definitive source of clearly established federal law[.]" *Van Tran*
22  *v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), *overruled in part on other grounds by Lockyer*

*v. Andrade*, 538 U.S. 63 (2003).  A state-court decision is contrary to clearly established precedent if it "'applies a rule that contradicts the governing law set forth in'" a Supreme Court decision, or "'confronts a set of facts that are materially indistinguishable'" from such a decision and nevertheless arrives at a different result.  *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

As reflected above, petitioner argues the invalidity of his sentence under *Blakely*. Respondent counters that *Blakely* does not apply because petitioner's direct appeal was no longer pending at the time of that decision and because the Supreme Court has not made the decision retroactive to cases on collateral review. *See Schardt v. Payne,* 414 F.3d 1025, 1033, 1036 (9th Cir. 2005).  Petitioner concedes that *Blakely* only became a possible argument during the collateral attack on his conviction, but argues the applicability of *Apprendi*, which expressed the rule later applied in *Blakely*.  *See Blakely*, 542 U.S. at 303 (citing *Apprendi*, 530 U.S. at 490).

On June 26, 2000, the United States Supreme Court issued its opinion in *Apprendi*, holding: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490.  It was not until the June 24, 2004 *Blakely* decision, however, that the Supreme Court clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"  542 U.S. at 303 (emphasis in original; citing *Apprendi*, 530 U.S. at 490).  "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id*. at 303-04.  The *Blakely* Court concluded that the exceptional sentence

REPORT AND RECOMMENDATION
PAGE -6

at issue in that case, which exceeded the top end of the standard sentencing range under the Washington Sentence Reform Act, violated the Sixth Amendment because the facts supporting the exceptional sentence were neither admitted by petitioner, nor found by a jury. *Id*. at 301-05. As noted by respondent, in *Schardt,* the Ninth Circuit found that *Blakely* did not apply retroactively to a conviction that was final before the announcement of the *Blakely* decision. 414 F.3d at 1033, 1038 (finding *Blakely* did not apply because defendant's direct appeal was no longer pending at the time *Blakely* was decided).

In this case, petitioner clearly pursues a claim pursuant to the Supreme Court's holding in *Blakely*. (*See* Dkt. 1 at 3-3B and Dkt. 19 at 2-4.) The Court finds no basis for petitioner's apparent argument that the holding in *Blakely* should apply retroactively to cases pending at the time of the *Apprendi* decision. (*See* Dkt. 18, Ex. 13 at 5-8 (making this argument before the Washington Supreme Court.))  Instead, because *Blakely* does not apply retroactively, the first part of petitioner's first ground for relief necessarily fails.

## CONCLUSION

For the reasons described above, petitioner's habeas petition should be denied and this action dismissed with prejudice. No evidentiary hearing is required as the record conclusively shows that petitioner is not entitled to relief. A proposed order accompanies this Report and Recommendation.

DATED this <u>8th</u> day of January, 2007.

Mary Alice Theiler
United States Magistrate Judge