UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL L. PALMER,<br><br>    Petitioner,<br><br>    v.<br><br>BENEDICT MARTINEZ,<br><br>    Respondent. | CASE NO. C06-1075-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Darryl L. Palmer's petition for writ of habeas corpus (Dkt. No. 1), Respondent's Answer (Dkt. No. 16), the Report and Recommendation of the United States Magistrate Judge Mary Alice Theiler ("R&R") (Dkt. No. 20), Petitioner's Objections to the R&R (Dkt. No. 22), Respondent's Response to Petitioner's Objections (Dkt. No. 25), Petitioner's Answer to Respondent's Response (Dkt. No. 26), and Petitioner's Motion to Stay (Dkt. No. 23). Having reviewed the materials submitted by the parties and the complete record, and finding that oral argument is not necessary, the Court hereby finds and rules as follows.

## I.  BACKGROUND

Petitioner is currently incarcerated at the Florence Correctional Center in Florence, Arizona.  In 2001, Petitioner pled guilty to one count of assault in the first degree (Count One) and one count of

ORDER – 1

assault of a child in the second degree (Count Two) for assaulting a woman and her then-four-year-old son. (Record ("R.") (Dkt. No. 18) Ex. 20 at 3–7.) Finding that the presence of the child during the commission of the assault on his mother constitutes a substantial and compelling reason to impose an exceptional sentence upward (*Id*. Ex. 1 at App. D), the King County Superior Court sentenced Petitioner to an exceptional sentence of 220 months confinement on Count One and a concurrent standard-range sentence of 75 months on Count Two. (*Id.* at 4.)

On direct appeal, the Washington State Court of Appeals affirmed Petitioner's conviction. (*Id*. Ex. 3.) On April 29, 2003, the Washington State Supreme Court denied review. (*Id*. Ex. 7.) The Washington Court of Appeals issued its mandate on May 15, 2003. (*Id*. Ex. 8.) On November 10, 2003, Petitioner filed a motion to vacate his sentence in King County Superior Court, asserting ineffective assistance of counsel. (*Id*. Ex. 18.) The trial court denied the motion and Petitioner appealed, arguing that the exceptional sentence violated his Sixth Amendment rights and was contrary to the U.S. Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (R. Ex. 9.) The Washington Court of Appeals denied the appeal (*id*. Ex. 12), and the Washington Supreme Court denied review (*id*. Ex. 14).

On July 31, 2006, Petitioner filed this federal habeas petition. He argues that (A) the exceptional sentence is invalid because (1) it violates *Blakely*, (2) there was insufficient evidence to support it, and (3) the child's presence during the assault on his mother was not a legally adequate aggravating factor; (B) the State breached the plea agreement by arguing in favor of the exceptional sentence on appeal; and (C) the Washington Court of Appeals decision violated the separation of powers doctrine by holding that the State had a duty to advocate for the exceptional sentence on appeal. (Pet. 3A, 3C–3E, 5–5A, 7–7A.) After Judge Theiler issued the R&R, Petitioner filed a motion to stay these proceedings pending the U.S. Supreme Court's decision in *Burton v. Waddington*, 142 F. App'x 297 (9th Cir. 2005), *cert. granted*, 126 S. Ct. 2352 (2006).

ORDER – 2

## II.  ANALYSIS

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1).  Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petition shall not be granted unless the relevant state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

### A.  *Validity of the sentence*

#### (1)  *Potential violation of Blakely*; motion to stay

Petitioner argues that his 220-month exceptional sentence should be set aside because it is contrary to *Blakely* and *Apprendi*.  Under *Blakely*, except for the fact of a prior conviction, any fact that increases the penalty for a crime beyond the maximum sentence a judge may impose on the facts as reflected in the jury verdict or admitted by the defendant, must be found by a jury, unless the defendant waives this right.  542 U.S. at 301–03, 310.  Because *Blakely* was decided in 2004, but Petitioner's direct appeal concluded in 2003, Judge Theiler reasoned that *Blakely* does not apply to Petitioner's conviction. (R&R at 6–7.)  In so concluding, the magistrate relied on *Schardt v. Payne*, 414 F.3d 1025, 1033, 1035–36 (9th Cir. 2005) (holding that *Blakely* did not announce a new rule, nor a "watershed rule of criminal procedure," and thus that it does not apply retroactively to cases on collateral review).

On June 5, 2006, the U.S. Supreme Court granted certiorari in *Burton v. Waddington*.  The petitioner in *Burton*, whose Washington State sentence, like Petitioner's, became final after *Apprendi*, but before *Blakely*, has asked that the U.S. Supreme Court decide whether (1) the holding in *Blakely* is a new rule or, rather, is dictated by *Apprendi*; and (2) if *Blakely* is a new rule, whether it applies retroactively.  Thus, the U.S. Supreme Court will address in *Burton* exactly the *Blakely* question presented by the instant case.  Given the Ninth Circuit's position on the issue, as expressed in *Schardt*, and the stringent

ORDER – 3

circumstances under which a petitioner may file a successive habeas petition, Petitioner's motion to stay is GRANTED. However, because the issues in *Burton* are not relevant to any of Petitioner's other claims, such stay is limited to this issue only.

*(2)     Sufficiency of the evidence supporting the exceptional sentence*

Petitioner argues in his habeas petition, as he previously argued both in his direct appeal (R. Ex. 4 at 8), and in his petition for review by the Washington Supreme Court (*id*. Ex. 6 at 10–13), that the evidence as to his exceptional sentence for Count One was insufficient as a matter of law. (Pet. 3C–3D.) He contends that the child's witnessing of the assault on his mother cannot support the exceptional sentence absent evidence of additional psychological trauma—beyond the normal psychological trauma associated with the crimes—to either the mother or the child, resulting from the child's presence during the attack.

28 U.S.C. § 2254(d)(2) provides for an independent ground for granting habeas relief when the relevant state decision "was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings." However, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The King County Superior Court judge decided that the presence of the child during his mother's attack was an aggravating factor deserving an exceptional sentence on Count One because the child "not only witnessed the assault, but understood the gravity of the danger because he intervened to protect his mother." (R. Ex. 1 at App. D.) The Washington Court of Appeals affirmed, finding that the undisputed evidence, especially the testimony of the assaulted woman and her mother (*id*. Ex. 21 at 9–12), supports a reasonable inference that the assault on the woman had a distinct and significant impact on her small child given the severity of the assault on the mother, the child's terror while perceiving the assault, the resulting attempt by the child to assist his mother, and the long-term adverse effects suffered by the victims. (*Id.* Ex. 3 at 4.)

ORDER – 4

Petitioner offers no evidence to rebut the presumption of correctness that attaches to these State factual findings under § 2254(e)(1). Petitioner's alternative argument that the State court findings are unsupported by evidence because excessive psychological trauma to either of the victims was not established "by anyone with the professional capacity to make such a determination" (Pet. 3D), is not supported by precedent. Therefore, this ground for relief is DENIED as failing on its merits.

### (3) *Legal adequacy of the aggravating factor*

Petitioner argues that the child's presence during the assault on his mother was not a legally adequate aggravating factor, because it was accounted for by Petitioner's conviction on Count Two as well as by inclusion of that conviction in the offender score calculation for Count One. (*Id*. 3D–3E.) To be legally adequate, an aggravating factor must not have been "necessarily considered by the Legislature in establishing the standard sentence range," and must be "sufficiently substantial and compelling to distinguish the crime in question from others in the same category." *State v. Alexander*, 888 P.2d 1169, 1173 (Wash. 1995). Because the presence of a child during the assault is not among the factors that qualifies an assault as assault in the first degree, *see* WASH. REV. CODE § 9A.36.011, the then-four-year-old boy's presence during Petitioner's assault on his mother was not accounted for in establishing the standard sentence range for Count One. Accordingly, the Court DENIES this ground for relief as failing on its merits.

### B. *State's alleged breach of the plea agreement*

In his reply brief in support of his direct appeal of the exceptional sentence, Petitioner argued that the State breached the plea agreement by arguing in favor of the exceptional sentence on appeal. (R. Ex. 3 at 5.) As nothing in that brief apprises the Court that Petitioner was claiming a violation of his federal constitutional rights, the Court agrees with the magistrate's conclusion that the claim is unexhausted. (R&R 5.) Because more than one year now has passed since Petitioner's sentence became final, *see* WASH. REV. CODE § 10.73.090, the Court also agrees with the magistrate that the claim is procedurally barred. The Court therefore ADOPTS the R&R as to this issue and DENIES this ground for relief as

ORDER – 5

unexhausted and procedurally barred.

  C. *Potential separation of powers violation*

  Although the magistrate recommended that this ground for relief be denied as unexhausted and procedurally barred (R&R 5), the Court will reach its merits. Petitioner did argue in his reply brief in support of his direct appeal, and again in his petition to the Washington Supreme Court for discretionary review, that Washington Court of Appeals precedent and the Washington Court of Appeals decision in his case violated the separation of powers doctrine by holding that the State had a duty to advocate for the exceptional sentence on appeal. (R. Ex. 3 at 6–7; *id.* Ex. 6 at 8–10.) In his habeas petition, Petitioner frames this issue as a potential due process violation. (Pet. 7.) Even accepting that the State felt compelled to argue in favor of the exceptional sentence on appeal because of the holding in *State v. Arko*, 758 P.2d 522, 523 (Wash. Ct. App. 1988) (compelling such arguments), Petitioner simply does not explain how he was denied due process of law, given that the ultimate decision regarding his exceptional sentence was with the court, not the prosecutor. The Court therefore DENIES this ground for relief as failing on its merits.

## III. CONCLUSION

  For the foregoing reasons, the Court GRANTS IN PART the motion to stay and ORDERS that proceedings as to the potential *Blakely* violation be STAYED. The Court ADOPTS IN PART the Report and Recommendation and DENIES IN PART the habeas petition. The Court DENIES relief on the sufficiency-of-the-evidence claim, the legal-adequacy-of-the-aggravating-factor claim, and the potential-separation-of-powers-violation claim as failing on their merits. The Court DENIES relief on the alleged breach-of-plea-agreement claim as unexhausted and procedurally barred. Having resolved all but the *Blakely* claim discussed *supra* subsection II.A.1, the Court DIRECTS the clerk to STAY this matter until further order of this Court and to send copies of this Order to Magistrate Judge Theiler and to all

//

//

ORDER – 6

parties. The Court further ORDERS Petitioner to file a NOTICE with the Court upon the U.S. Supreme Court's resolution of *Burton v. Waddington*.

SO ORDERED this 15th day of March, 2007.

/s/ John C. Coughenour
John C. Coughenour
United States District Judge

ORDER – 7