UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARRYL LEE PALMER,

    Petitioner,

    v.

BENEDICT MARTINEZ,

    Respondent.

CASE NO. C06-1075-JCC

ORDER

    This matter comes before the Court on Petitioner's motion for habeas relief pursuant to 28 U.S.C. § 2254. (Dkt. No. 4.) The Court stayed one of Petitioner's habeas claims pending resolution of *Burton v. Stewart*, 127 S.Ct. 793 (2007). (Dkt. No. 27.) Having determined that no additional briefing is necessary, the Court hereby LIFTS the stay on Petitioner's habeas claim, ADOPTS Magistrate Judge Theiler's Report & Recommendation ("R&R" (Dkt. No. 20)) as to that claim, and DISMISSES the habeas petition.

## I.    BACKGROUND

    Petitioner is currently serving a state sentence imposed in 2001 following his guilty plea to one count of assault in the first degree (Count I), and one count of assault of a child in the second degree (Count II). (Record ("R.") (Dkt. No. 18) Ex. 1.) The victims were a woman and her then five-year-old

ORDER – 1

son. The trial court imposed an exceptional sentence of 220 months on Count I (the high end of the relevant standard range being 184 months) and 75 months on Count II, to run concurrently. The court concluded, "[t]he presence of [the child] during the commission of the assault on his mother constitutes a substantial and compelling reason to impose an exceptional sentence upward." The Washington Court of Appeals issued its mandate on May 15, 2003, finalizing Petitioner's conviction. (R. Ex. 8.)

Petitioner filed the instant habeas petition on August 2, 2006. He argued, *inter alia*, that his exceptional sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). (Dkt. No. 4 at 3–6.) Recommending dismissal of that claim, the R&R relied on *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005), which held that *Blakely* does not apply retroactively to a conviction that was final before its publication. (R&R 5–7 (Dkt. No. 20).) After the R&R was issued, but before this Court issued an order accepting the R&R's recommendations, Petitioner filed a motion requesting that the Court stay its decision until the United States Supreme Court issued a decision in *Burton v. Waddington*, 126 S.Ct. 2352 (2006) (decided in *Burton v. Stewart*, 127 S.Ct. 793 (2007)). The Supreme Court granted certiorari in *Burton* to determine whether *Blakely* announced a new rule of constitutional law and, if so, whether it applied retroactively on collateral review. *Burton*, 127 S.Ct. at 794. Because the outcome of *Burton* could significantly impact Petitioner's *Blakely* claim, the Court granted the stay applicable to that claim only. As to Petitioner's remaining habeas claims, the Court adopted the R&R and dismissed them along with his Objections.

On August 20, 2007, in compliance with this Court's order, Petitioner notified the Court of the Supreme Court's decision in *Burton*, which ultimately did not decide the issue of *Blakely*'s retroactivity. (Dkt. No. 29.) Instead, the Supreme Court ruled that the district court did not have jurisdiction over the habeas claim, and vacated and remanded to the district court with directions to dismiss the habeas petition. *Burton*, 127 S.Ct. at 794.

## II.     THIS COURT'S ACTION IN LIGHT OF *BURTON*

The motion to stay was granted pending resolution of *Burton*. (Dkt. No. 27 at 3–4). *Burton* has

ORDER – 2

now been decided. Although the Supreme Court did not rule on *Blakely*'s retroactivity, there is binding Ninth Circuit precedent on this very issue. The Ninth Circuit's decision in *Schardt* that *Blakely* "does not apply retroactively to a conviction that was final before that decision was announced," 414 F.3d at 1038, forecloses Petitioner's *Blakely* claim.

### III.   CONCLUSION

For the foregoing reasons, the Court LIFTS the stay on Petitioner's sole remaining habeas claim, ADOPTS the R&R (Dkt. No. 20) as to that claim, and DISMISSES the habeas petition. The Clerk is DIRECTED to send copies of this Order to Petitioner and to counsel for Respondent.

SO ORDERED this 31st day of August, 2007.

John C. Coughenour
United States District Judge

ORDER – 3