UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARRYL L. PALMER

    Petitioner,

    v.

BENEDICT MARTINEZ,

    Respondent.

CASE NO. C06-1075-JCC

ORDER

This matter comes before the Court on Petitioner Darryl L. Palmer's Application for Certificate of Appealability ("COA") (Dkt. No. 35) of this Court's denial of his petition for a writ of habeas corpus. (Dkt. Nos. 27 & 30.) The Court DENIES IN PART and GRANTS IN PART Petitioner's motion, as follows.

I.    LEGAL STANDARD[1]

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner must make an application for a COA in the district court before the Court of Appeals may act on his request for appellate review. 28 U.S.C. § 2253(c)(1)(A). The Court may issue a COA only if Petitioner "has made a

---

[1] Because the parties are familiar with the factual and procedural history of this case, the Court will not recount it here except as necessary to explain the Court's reasoning.

ORDER – 1

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court bases its denial of habeas relief on the merits of constitutional claims, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Jennings v. Woodford*, 29 F.3d 1006, 1010 (9th Cir. 2002). When the district court bases its denial of habeas relief on procedural grounds, petitioner must demonstrate both that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

## II. ANALYSIS

Petitioner challenges his exceptional sentence, imposed by the trial judge and based upon the judge's finding that the presence of a child during the commission of Petitioner's assault on the child's mother justified the upward departure. Petitioner argues that the exceptional sentence violates his constitutional rights, as construed by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). In addition, Petitioner makes two arguments that the Court found were time-barred—that the State breached the plea agreement and violated the doctrine of separation of powers by advocating for the exceptional sentence on appeal.

### A. *Reasonable Jurists Could Not Debate That* **Apprendi** *and* **Blakely** *Were Inapplicable Under the Circumstances*

Petitioner's sentence became final after the U.S. Supreme Court decided *Apprendi*, but before *Blakely*. This Court followed binding Ninth Circuit precedent in ruling that the decision in *Blakely*, "does not apply retroactively to a conviction that was final before that decision was announced." *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005). While Petitioner also argues that the imposition of his exceptional sentence violates the rule announced in *Apprendi*, the same Ninth Circuit case held that the *Blakely* rule was not established by *Apprendi*, and this Court must hold the same. *Id.*

//
//

ORDER – 2

### B. Reasonable Jurists Could Debate the Court's Resolution of Petitioner's Breach of Plea Agreement Argument

Due Process requires that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 261 (1971). This Court held that Petitioner's breach of plea agreement argument was time-barred because Petitioner failed to raise this argument as a federal constitutional violation in state court; more than one year has passed since petitioner's conviction became final, thus, the Court found this claim procedurally barred. *See* 28 U.S.C. § 2254(b)(1)(A) (applicant must first exhaust remedies available in the courts of the State). However, Petitioner makes the argument not that the plea agreement was breached prior to sentencing, but that it was breached in the state appellate court when the prosecutor argued to uphold Petitioner's exceptional sentence. Thus, the alleged breach occurred after the point in time at which Petitioner may have raised the issue in order to satisfy the exhaustion requirement. This presents a debatable issue for reasonable jurists. Accordingly, this Court GRANTS Petitioner a COA on the issue of whether Petitioner's argument that the State breached the plea agreement by arguing on appeal that Petitioner's exceptional sentence should be upheld was time-barred, and if not, whether there was in fact such a breach in violation of Petitioner's constitutional rights.

### C. Reasonable Jurists Could Not Find Petitioner's Separation of Powers Argument Improperly Time-Barred

A reasonable jurist could not debate whether the Court properly found time-barred Petitioner's argument that the State violated the separation of powers doctrine by advocating for the exceptional sentence on appeal, because Petitioner makes no argument as to why this claim was timely.

### III. CONCLUSION

The Court DENIES in part Petitioner's motion for a COA. The Court GRANTS Petitioner's motion for a COA solely on the issue of whether Petitioner's argument that the State breached the plea agreement by arguing on appeal that Petitioner's exceptional sentence should be upheld was time-barred, and if not, whether there was in fact such a breach in violation of Petitioner's constitutional rights.

ORDER – 3

1    SO ORDERED this 11th day of December, 2007.

								/s/ John C. Coughenour
								John C. Coughenour
								United States District Judge

26   ORDER – 4